IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **CHERYL BULLOCK, Individually** | * | |
| **and KEVIN BULLOCK, Individually,** | * | |
| | * | |
| Plaintiffs, | * | |
| | * | CASE NO. ~~2013-~~ 4-13-cv-37 (CDL) |
| vs. | * | **JURY TRIAL DEMANDED** |
| | * | |
| **VOLKSWAGEN GROUP OF** | * | |
| **AMERICA, INC., a corporation;** | * | |
| **VOLKSWAGEN AG, a foreign** | * | |
| **corporation, and HONEYWELL** | * | |
| **INTERNATIONAL, INC. a** | * | |
| **corporation (d/b/a HONEYWELL** | * | |
| **TURBO TECHNOLOGIES, INC.)** | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFFS' COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

COME NOW Cheryl Bullock and Kevin Bullock, and file this Complaint for Damages and Demand for a Jury Trial and in support thereof show as follows:

**PARTIES**

1. Plaintiff Cheryl Bullock is over the age of nineteen and is a resident citizen of Carroll County, Georgia.

2. Plaintiff Kevin Bullock is over the age of nineteen and is a resident citizen of Carroll County, Georgia.

3. Defendant Volkswagen Group of America, Inc., (hereinafter referred to collectively with Defendant Volkswagen AG as "Volkswagen" or "Defendant") is a corporation created and existing pursuant to the laws of the State of New Jersey with a principal place of business in the State of Virginia. Volkswagen is registered to do business in the State of Georgia

and regularly does and conducts business within the State of Georgia. Volkswagen Group of America, Inc. is a wholly-owned subsidiary of Volkswagen AG. Volkswagen may be served with process by delivering a copy of this Complaint along with a Summons to its registered agent at Corporation Service Company, 40 Technology Parkway South, #300, Norcross, GA 30092.

4. Volkswagen AG (hereinafter referred to collectively with Defendant Volkswagen Group of America, Inc. as "Volkswagen" or "Defendants") is a corporation created and existing pursuant to the laws of the nation of Germany. Volkswagen AG regularly does and conducts business within the State of Georgia. Volkswagen AG may be served pursuant to the Hague Convention at Volkswagen AG, Berliner Ring 2, 38436 Wolfsburg, Germany.

5. Honeywell International, Inc. (d/b/a Honeywell Turbo Technologies is hereinafter referred to as "Honeywell"), is a corporation created and existing pursuant to the laws of the State of Delaware with a principal place of business in the State of New Jersey. Honeywell is registered to do business in the State of Georgia and regularly does and conducts business within the State of Georgia. Honeywell may be served at Corporation Service Company, 40 Technology Parkway South #300, Norcross, GA 30092.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 in that complete diversity exists between the parties of this action and the matter in controversy exceeds $75,000.00.

7. This Court has personal jurisdiction as to Plaintiffs Cheryl Bullock and Kevin Bullock and all Defendants are subject to the personal jurisdiction of this Court.

8. Venue is proper in this Court as to Plaintiffs Cheryl Bullock and Kevin Bullock and all Defendants.

## FACTUAL STATEMENT

9. Plaintiffs Cheryl Bullock and Kevin Bullock are the owners of a 2004 Volkswagen Passat GLS TDI bearing VIN #WVWPE63B94E349425 ("Passat") designed, marketed, manufactured, advertised, sold and distributed by the Volkswagen defendants. The vehicle was equipped with a Garrett turbo charger and seal designed, marketed, manufactured, advertised, sold and distributed by Defendant Honeywell.

10. On September 5, 2011, Plaintiff Cheryl Bullock and her five year old daughter were traveling on Georgia Highway 1 in Stewart County, Georgia when the Passat experienced sudden and unintended acceleration causing the Passat to speed out of control and leave the roadway and overturn.

11. The accident caused severe and permanent injuries to the Plaintiff.

12. The Passat and its turbo charger were subject to defects that allowed the introduction of combustible accelerants to the Passat engine resulting in uncontrolled acceleration. These defects created an unreasonably dangerous risk during foreseeable vehicle use.

13. The Passat was marketed, designed, manufactured, distributed, advertised, and sold by Volkswagen defendants with a defective turbo charger. The turbo charger was marketed, designed, manufactured, distributed, advertised and sold by Defendant Honeywell for use by the consuming public.

14. The Volkswagen defendants and Defendant Honeywell were aware that defects existed in the turbo charger that could result in dangerous and uncontrolled acceleration.

## COUNT 1

## FAILURE TO WARN

15. Plaintiffs reallege and incorporate by reference the allegations in the above paragraphs as if fully set forth herein.

16. Defendants had a continuing duty to warn the public of dangers associated with the design, use and operation of its products.

17. Prior to designing, marketing, distributing, selling, and placing the Passat into the stream of commerce and at all other times pertinent herein to the present day, Defendants were aware of the dangerous and defective design of the Passat and its component parts.

18. Defendants were aware that certain vehicles equipped with Honeywell turbo chargers had experienced turbo charger seal failures resulting in unintended and uncontrolled acceleration and/or engine damage.

19. Despite this knowledge, Defendants failed to warn the public and the Plaintiffs of the dangers associated with the subject Honeywell turbo charger.  As a result of this omission, Plaintiff Cheryl Bullock was seriously and permanently injured and damaged.

## COUNT II

## FAILURE TO RECALL/RETROFIT

20. Plaintiffs reallege and incorporate by reference the allegations in the above paragraphs as if fully set forth herein.

21. Defendants had a continuing duty to consumers to recall its products and fix dangerous conditions associated with such products.

22. Prior to designing, marketing, distributing, selling and placing the Passat vehicle into the stream of commerce and at all other times pertinent herein to the present day,

Defendants were aware of the dangerous and defective design of the subject Honeywell turbo charger and its component parts.

23. Defendants could have recalled the subject Passat and its turbo charger and installed a feasible and available safer alternative design, however they failed to do so.

24. At some time prior to the dates of manufacture and/or sale of the subject Passat and turbo charger and continuing thereafter until the date of this incident, Defendants were aware that the subject Passat was equipped with a defective turbo charger which constituted a safety hazard to the consuming public.

25. Despite this knowledge, Defendants failed to recall and/or retrofit the Passat. As a result of this omission, Plaintiff Cheryl Bullock was seriously and permanently injured and damaged.

## COUNT III

### STRICT PRODUCTS LIABILITY

26. Plaintiffs reallege and incorporate by reference the allegations in the above paragraphs as if fully set forth herein.

27. Defendants are strictly liable to Plaintiffs under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Cheryl Bullock because the risk inherent in the design of the subject Passat and its turbo charger outweighed any utility of the chosen design, rendering the vehicle defective, unreasonably dangerous and not reasonably suited to the use for which it was intended. The defects in the Passat include, but are not limited to the following:

    a. The vehicle's design and manufacture represents an unreasonable and dangerous risk during foreseeable and intended use;

      b.      The vehicle's turbo charger and its internal seal were subject to unreasonable risk of failure that could allow introduction of oil and combustible materials into the Passat engine causing unintended and uncontrolled acceleration and engine damage;

      c.      The vehicle does not contain, and is not accompanied by, warnings to prospective owners, users or occupants, including Plaintiffs in this case, of the unreasonable risk of physical harm associated with the negligent and defective design of the vehicle occasioned by risk of turbo charger seal failure and resulting unintended and uncontrolled acceleration;

      d.      The vehicle was not adequately tested by Defendants to determine whether prospective owners, users and occupants of the vehicle would be exposed to the unreasonable risk of physical harm occasioned by risk of turbo charger seal failure and resulting unintended and uncontrolled acceleration;

      e.      Defendants knew, or should have known from information they received, that the defects in the subject turbo charger and its internal seal would in fact increase the risk of injury in foreseeable operating conditions; and

      f.      Defendants knew, or should have known from information they received, that the chosen design increased the risk of injury in foreseeable operating conditions. Defendants acted with reckless disregard for the safety and well-being of the consumer public, and acted willfully and wantonly, as defined under O.C.G.A. §51-12-5.1, in designing, testing, manufacturing, inspecting, marketing, and distributing the subject Passat and its turbo charger because Defendants had knowledge of the risk of injury and death described in this Complaint when they manufactured, marketed, distributed and sold the subject Passat and its turbo charger.

## COUNT IV

## NEGLIGENCE

28. Plaintiffs reallege and incorporate by reference the allegations in the above paragraphs as if fully set forth herein.

29. Defendants, as product designers and manufacturers, owed a duty to the consuming public in general, and Plaintiffs in particular, to exercise reasonable care to design, test, manufacture, inspect, market, and distribute a product which was free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations and a product which would not cause severe injury to users and occupants.

30. Defendants breached their duty to exercise reasonable care to design, test, manufacture, inspect, market, distribute and sell the subject vehicle free of an unreasonable risk of physical harm to prospective owners, users, and occupants, including Plaintiffs. Defendants breached their duty of care in a number of ways, including but not limited to the following:

    a.    The vehicle's design and manufacture represents an unreasonable and dangerous risk during foreseeable and intended use;

    b.    The vehicle's turbo charger and its internal seal were subject to unreasonable risk of failure that could allow introduction of oil and combustible materials into the Passat engine causing unintended and uncontrolled acceleration and engine damage;

    c.    The vehicle does not contain, and is not accompanied by, warnings to prospective owners, users or occupants, including Plaintiffs in this case, of the unreasonable risk of physical harm associated with the negligent and defective design of the vehicle occasioned by risk of turbo charger seal failure and resulting unintended and uncontrolled acceleration;

    d. The vehicle was not adequately tested by Defendants to determine whether prospective owners, users and occupants of the vehicle would be exposed to the unreasonable risk of physical harm occasioned by risk of turbo charger seal failure and resulting unintended and uncontrolled acceleration;

    e. Defendants knew, or should have known from information they received, that the defects in the subject turbo charger and its internal seal would in fact increase the risk of injury in foreseeable operating conditions; and

    f. Defendants knew, or should have known from information they received, that the chosen design increased the risk of injury in foreseeable operating conditions. Defendants acted with reckless disregard for the safety and well-being of the consumer public, and acted negligently as defined under O.C.G.A. §51-12-5.1, in designing, testing, manufacturing, inspecting, marketing, and distributing the subject Passat and its turbo charger because Defendants had knowledge of the risk of injury and death described in this Complaint when they manufactured, marketed, distributed and sold the subject Passat and its turbo charger.

  31. Defendants' negligence in designing, manufacturing, promoting and selling the vehicle was so egregious that it rises to the level of reckless disregard for the safety and well-being of the consumer public, and constitutes willful and wanton conduct as defined under O.C.G.A. §51 – 12-5.1 in designing, testing, manufacturing, inspecting, marketing and distributing the Passat because Defendants had knowledge of the risk of injury and death described in this Complaint when they manufactured, marketed, distributed and sold the Passat and its turbo charger. Such conduct warrants the imposition of punitive damages.

32. Defendants' failure to exercise reasonable care in designing, testing, manufacturing, inspecting, marketing, distributing and selling the subject vehicle proximately caused Plaintiffs' injuries.

## COUNT V

## WANTONNESS

33. Plaintiffs reallege and incorporate by reference the allegations in the above paragraphs as if fully set forth herein.

34. Defendants, as product designers and manufacturers, owed a duty to the consuming public in general, and Plaintiffs in particular, to exercise reasonable care to design, test, manufacture, inspect, market, and distribute a product which was free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations and a product which would not cause severe injury to users and occupants.

35. Defendants breached their duty to exercise reasonable care to design, test, manufacture, inspect, market, distribute and sell the subject vehicle free of an unreasonable risk of physical harm to prospective owners, users, and occupants, including Plaintiffs.  Defendants breached their duty of care in a number of ways, including but not limited to the following:

    a. The vehicle's design and manufacture represents an unreasonable and dangerous risk during foreseeable and intended use;

    b. The vehicle's turbo charger and its internal seal were subject to unreasonable risk of failure that could allow introduction of oil and combustible materials into the Passat engine causing unintended and uncontrolled acceleration and engine damage;

    c. The vehicle does not contain, and is not accompanied by, warnings to prospective owners, users or occupants, including Plaintiffs in this case, of the unreasonable risk

of physical harm associated with the wanton and defective design of the vehicle occasioned by risk of turbo charger seal failure and resulting unintended and uncontrolled acceleration;

   d. The vehicle was not adequately tested by Defendants to determine whether prospective owners, users and occupants of the vehicle would be exposed to the unreasonable risk of physical harm occasioned by risk of turbo charger seal failure and resulting unintended and uncontrolled acceleration;

   e. Defendants knew, or should have known from information they received, that the defects in the subject turbo charger and its internal seal would in fact increase the risk of injury in foreseeable operating conditions; and

   f. Defendants knew, or should have known from information they received, that the chosen design increased the risk of injury in foreseeable operating conditions. Defendants acted with reckless disregard for the safety and well-being of the consumer public, and acted wantonly as defined under O.C.G.A. §51-12-5.1, in designing, testing, manufacturing, inspecting, marketing, and distributing the subject Passat and its turbo charger because Defendants had knowledge of the risk of injury and death described in this Complaint when they manufactured, marketed, distributed and sold the subject Passat and its turbo charger.

  36. Defendants' wantonness in designing, manufacturing, promoting and selling the vehicle was so egregious that it rises to the level of reckless disregard for the safety and well-being of the consumer public, and constitutes willful and wanton conduct as defined under O.C.G.A. §51 – 12-5.1 in designing, testing, manufacturing, inspecting, marketing and distributing the Passat because Defendants had knowledge of the risk of injury and death described in this Complaint when they manufactured, marketed, distributed and sold the Passat and its turbo charger. Such conduct warrants the imposition of punitive damages.

37.     Defendants' failure to exercise reasonable care in designing, testing, manufacturing, inspecting, marketing, distributing and selling the subject vehicle proximately caused Plaintiffs' injuries.

## COUNT VI

## LOSS OF CONSORTIUM

38.     Plaintiffs reallege and incorporate by reference the allegations in the above paragraphs as if fully set forth herein.

39.     Plaintiff Kevin Bullock brings this action for the loss of society, companionship and consortium of his spouse, Cheryl Bullock, brought about by personal injuries she received, which occurred due to Defendants' negligence, wantonness, strict liability and/or all other counts alleged herein.

40.     Defendants' actions and/or inactions as alleged herein were the direct and proximate cause of the injuries to Cheryl Bullock and the resulting loss of consortium to Plaintiff Kevin Bullock, causing him great suffering from loneliness and grief.

41.     Defendants' actions and/or inactions as alleged herein were the sole and proximate cause of Plaintiff Kevin Bullock's damages.

## DAMAGES AND PRAYER FOR RELIEF

42.     As a direct and proximate result of the defectively designed turbo charger installed in the subject Passat, Defendants' negligence and/or wantonness in design and failure to warn of the dangers associated with the vehicle, Defendants' failure to recall and/or retrofit the vehicle, and all allegations described herein, Cheryl Bullock has and will continue to suffer severe and permanent physical and mental injuries and substantial economic damages.

43. Plaintiff Cheryl Bullock seeks damages from Defendants in an amount to be determined by the enlightened conscience of the jury as demonstrated by the evidence, for the past and future mental and physical pain and suffering, past and future loss of enjoyment of life, lost future earnings and decreased earning capacity.

44. Plaintiff Kevin Bullock seeks damages from Defendants for loss of consortium.

45. Plaintiff Cheryl Bullock seeks damages from Defendants for past, present and future medical and other necessary expenses incurred for the care and treatment of Cheryl Bullock in an amount to be shown by the evidence at trial.

46. Plaintiffs seek punitive damages against Defendants in an amount determined by the enlightened conscience of the jury to be sufficient to punish, penalize, and deter Defendants from similar future misconduct in light of the aggravated nature of their conduct and in light of their financial circumstances.

WHEREFORE, Plaintiffs pray for the following relief:

1. That summons issue requiring these Defendants to appear as provided by law to answer the allegations of this Complaint;

2. That Plaintiffs have a trial by jury of all issues so triable;

3. That Plaintiffs have and recover all damages, both compensatory and punitive to which they are entitled to recover under Georgia law; and

4. For such other and further relief as this Court deems just and appropriate.

THIS THE <u>8TH</u> DAY OF <u>FEBRUARY</u>, 2013.

**<u>PLAINTIFFS DEMAND A TRIAL BY JURY</u>**

Respectfully Submitted,

*s/Kendall S. Dunson*
KENDALL S. DUNSON
Attorney for Plaintiff
GA Bar ID #234663

OF COUNSEL:

Kendall S. Dunson
D. Michael Andrews
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343 telephone
(334) 954-7555 facsimile
kendall.dunson@beasleyallen.com
mike.andrews@beasleyallen.com


**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL:**

Volkswagen Group of America, Inc.
Corporation Service Company
40 Technology Parkway South #300
Norcross, GA 30092

Honeywell International, Inc. (d/b/a Honeywell Turbo Chargers)
c/o Corporation Service Company
40 Technology Parkway South #300
Norcross, GA 30092

**DEFENDANT TO BE SERVED IN ACCORDANCE WITH HAGUE CONVENTION**

Volkswagen AG
Berliner Ring 2
38436 Wolfsburg Germany