IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| CHERYL BULLOCK and KEVIN BULLOCK, | * | |
| | * | |
| Plaintiffs, | * | |
| vs. | * | CASE NO. 4:13-CV-37 (CDL) |
| VOLKSWAGEN GROUP OF AMERICA, INC., VOLKSWAGEN AG, and HONEYWELL INTERNATIONAL, INC., | * | |
| | * | |
| Defendants. | * | |

O R D E R

BACKGROUND

In this strict liability product defect action, the jury returned a verdict awarding $7 million to Plaintiff Cheryl Bullock as compensation for her damages caused by injuries she suffered from a crash that the jury found was proximately caused by a design defect in Defendants' product. The jury awarded Mrs. Bullock's husband $1 million on his loss of consortium claim. Although the Court reserved final ruling on whether Georgia's comparative fault/apportionment statute, O.C.G.A. § 51-12-33, applies to a strict liability product defect action brought pursuant to O.C.G.A. § 51-1-11, the Court nevertheless had the jury determine in its special verdict whether Cheryl Bullock was also at fault in causing the wreck. The jury found

that she was and assigned 40% fault to her.[1]  The Court delayed the entry of a final judgment until it decided whether Plaintiffs' damages should be reduced based on the jury's finding that Mrs. Bullock was partially at fault.  The Court decides these issues today.

Specifically, the Court must decide two issues: (1) whether the Georgia Supreme Court is likely to hold that the Georgia comparative fault statute requires a reduction of the jury's award of damages to a partially at-fault plaintiff who asserts a strict liability product defect claim;  and (2) whether the Georgia Supreme Court is likely to hold that the statute or any other applicable law requires a reduction of the jury's award of damages to the non-at-fault spouse who asserts a loss of consortium claim.  On these issues of first impression, the Court finds that the Georgia Supreme Court is likely to conclude that Plaintiffs' damages must be reduced in proportion to Mrs. Bullock's percentage of fault as found by the jury.[2]

---

[1] It was unnecessary for the jury to apportion fault among the Defendants because they stipulated that they would be jointly responsible for any liability.

[2] As a federal court sitting in the State of Georgia considering claims that arose in Georgia based upon diversity of citizenship jurisdiction, this Court applies Georgia substantive law to decide these issues.  See Burke v. Smith, 252 F.3d 1260, 1265 (11th Cir. 2001) ("A federal court sitting in diversity is required to apply state substantive law[.]").

DISCUSSION

I. Applicability of O.C.G.A. § 51-12-33 to Strict Liability Product Defect Actions

Relying on dicta by the Georgia Court of Appeals in *Patterson v. Long*, 321 Ga. App. 157, 161, 741 S.E.2d 242, 247 (2013), Plaintiffs argue that O.C.G.A. § 51-12-33 ("the comparative fault statute") does not apply to strict liability product defect claims. That dicta cites generally to the common law principle predating the enactment of the comparative fault statute that comparative negligence is not a defense to a product defect claim that is based on strict liability. *Id.* The Georgia Supreme Court's analysis in *Couch v. Red Roof Inns, Inc.*, 291 Ga. 359, 729 S.E.2d 378 (2012), however, does not support this Court of Appeals dicta. And this Court finds the Georgia Supreme Court's thorough analysis of the Georgia comparative fault statute in *Couch* more instructive than the Georgia Court of Appeals's dicta that relies upon common law predating the enactment of the statute.

The Georgia Supreme Court in *Couch* had to decide whether the comparative fault statute applied to apportion fault to a third party who had committed a criminal act against the plaintiff when the plaintiff's claim was against a landowner based on premises liability principles. The court construed the plain language of the statute to mean that the plaintiff's claim

3

did not have to be couched in terms of negligence for the statute to apply.  The plain language of the statute reads, in relevant part:  "Where an action is brought against one or more persons for injury to person or property and the plaintiff is to some degree responsible for the injury or damages claimed, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall determine the percentage of fault of the plaintiff and the judge shall reduce the amount of damages otherwise awarded to the plaintiff in proportion to his or her percentage of fault."  O.C.G.A. § 51-12-33(a).  The statute does not restrict its application to a particular type of action.  It plainly states that it applies to an action "brought against one or more persons for injury to person or property."  It does not qualify that it only applies to actions for injury to person or property *based on a theory of negligence.*

The rationale of *Couch* applies here.  The comparative fault statute does not distinguish between causes of action based on the nature of the tortious conduct upon which the claim is based.  It provides no exception for actions based on a theory of strict liability.  And a plain reading of the statute does not reveal any intention to exclude strict liability actions from its application.  The statute simply and clearly provides that it applies to actions "brought against one or more persons

4

for injury to person or property [where] the plaintiff is to some degree responsible for the injury or damages claimed." *Id.* To the extent that the application of the comparative fault statute to a strict liability product defect claim may be inconsistent with the common law that predated the enactment of the statute, the Georgia General Assembly certainly had the authority to displace that common law. *See Couch*, 291 Ga. at 364-65, 729 S.E.2d at 383. Based on the foregoing, the Court rejects Plaintiffs' argument that the statute generally does not apply to a product defect action asserted under a strict liability theory.

II. Reduction of Mrs. Bullock's Damages

In the present case, Mrs. Bullock asserted a personal injury claim against Defendants. The jury found based on evidence presented by Defendants that she was to some degree responsible for her injury and damages claimed. The plain language of the statute clearly applies to her claim. Accordingly, Mrs. Bullock's damages shall be reduced by the percentage of her fault as found by the jury, 40%.

III. Reduction of Mr. Bullock's Damages

The next issue is whether Mr. Bullock's loss of consortium damages must also be reduced. If this Court were writing on a blank slate, it would conclude that the Georgia comparative fault statute does not authorize any reduction. The plain

5

language of the statute authorizes a reduction in a plaintiff's claim only when that plaintiff is partially at "fault." Subsection (a) of the statute states that "the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall *determine the percentage of fault of the plaintiff and the judge shall reduce the amount of damages otherwise awarded to the plaintiff in proportion to his or her percentage of fault.*"  O.C.G.A. § 51-12-33(a) (emphasis added).  The reduction is based on the plaintiff's "percentage of fault," and it is that at-fault plaintiff's damages that are to be reduced "in proportion to his or her percentage of fault."  Since the statute does not provide for a reduction to a spouse's loss of consortium damages when there is no evidence that the spouse was at fault, the statutory language does not authorize a reduction in Mr. Bullock's loss of consortium damages.

Furthermore, the Court is perplexed as to how the "apportionment" provisions of the comparative fault statute require a reduction in Defendant's liability to Mr. Bullock on his loss of consortium claim.  Those provisions, subsections (b) and (c) of the statute, refer to apportionment of liability among the tortfeasors.[3]  Defendants argue that the statute should

---

[3] O.C.G.A. § 51-12-33(b) requires that in determining the total amount of damages, the trier of fact "shall after a reduction of damages pursuant to subsection (a) of this Code section, if any, apportion its award of damages among the persons who are liable according to the percentage of fault of each person."  And O.C.G.A. § 51-12-33(c)

6

be interpreted to mean that they are only responsible for the damages verdict in proportion to their percentage of fault regardless of whether the loss of consortium plaintiff was at fault.  They contend that since the jury found them to be 60% at fault, they should be responsible for 60% of Mr. Bullock's loss of consortium damages.  This argument is superficially appealing, but it is not what the statute says.  In the present case, Defendants stipulated at trial that they would be jointly responsible for any liability.  Thus, provisions (b) and (c) of the statute, which describe how liability shall be apportioned among tortfeasors when joint liability is not stipulated, would not appear to apply if the Court does not venture beyond the plain language of the statute.[4]

This Court, however, is not writing on a blank slate.  It must predict how the Georgia courts would resolve this issue.  Two decisions, one by the Georgia Court of Appeals and another by the Georgia Supreme Court, answer the question.  In *Barnett v. Farmer,* 308 Ga. App. 358, 707 S.E.2d 570 (2011), two spouses were involved in a motor vehicle accident with a third party.  One was the driver and the other a passenger.  They brought a single action asserting separate negligence claims against the

---

requires that "the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages" in assessing percentages of fault.

[4] When the statutory language is clear, that *is* the legislative intent. Going beyond that clear language violates the most fundamental canon of statutory construction.

other driver. The defendant claimed that the spouse who was driving the vehicle was contributorily negligent, and sought to have the jury reduce the passenger spouse's damages based upon any fault attributable to the driver spouse. The Court of Appeals, based on its interpretation of the legislature's intent, held that the comparative fault statute required a reduction in the passenger spouse's damages even though the passenger spouse was not at fault and would have no tort claim against the driver spouse due to interspousal immunity. *Id.* at 362, 707 S.E.2d 573-74. As explained by the Court of Appeals, "it would be contrary to the clear intent of the legislature to require [the defendant] to pay for the full amount of [the passenger plaintiff's] damages for the same collision simply because she was a passenger in the car her husband was driving." *Id.* at 362, 707 S.E.2d at 574. The Georgia Supreme Court subsequently cited to *Barnett* with approval in *Zaldivar v. Prickett,* 774 S.E.2d 688, 696 (Ga. 2015). Therefore, the Court finds that the Georgia courts are likely to hold that Georgia's comparative fault statute requires a reduction in Mr. Bullock's loss of consortium claim based on the percentage of Mrs. Bullock's fault.

CONCLUSION

Having found that O.C.G.A. § 51-12-33 applies to Mr. and Mrs. Bullock's claims and the jury having found that Mrs.

Bullock was 40% at fault, the Court reduces Mrs. Bullock's damages of $7 million to $4.2 million and reduces Mr. Bullock's damages of $1 million to $600,000.

Accordingly, the Clerk shall enter judgment as follows: (1) in favor of Plaintiff Cheryl Bullock against Defendants jointly and severally in the amount of $4,200,000; (2) in favor of Plaintiff Kevin Bullock against Defendants jointly and severally in the amount of $600,000; and (3) plaintiffs shall also recover their costs of this action.

IT IS SO ORDERED, this 11th day of September, 2015.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        CHIEF U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA